**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 11-155 |
| | ) | Civil Action No. 18-159 |
| PATRICK JOSEPH KOFALT, | ) | Judge Nora Barry Fischer |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

I.  **Introduction**

This matter is before the Court on a Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 ("§ 2255 Motion") filed by *pro se* Defendant Patrick Joseph Kofalt ("Defendant"). (Docket No. 131). Defendant claims that his trial counsel was ineffective and seeks to vacate his sentence of 235 months' incarceration for receipt of material depicting the sexual exploitation of a minor in violation of 18 U.S.C. § 2252(a)(2). (Docket Nos. 131, 132). The Government filed a Motion to Enforce Collateral Rights Waiver, arguing that Defendant's § 2255 Motion should be dismissed because he waived his right to file a motion under 28 U.S.C. § 2255 in a plea agreement with the Government. (Docket No. 143).

For the following reasons, the Court will enforce the valid waiver contained in Defendant's plea agreement. Accordingly, the Government's motion will be granted and Defendant's § 2255 Motion will be dismissed.

## II. Factual Background and Procedural History

On July 12, 2011, Defendant was charged in a two-count indictment with the following: receipt of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(2) (Count One); and possession/access with intent to view material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Two). (Docket No. 1).

On July 3, 2012, Defendant filed a motion to suppress child pornography found on computers that were seized upon execution of a search warrant at his residence on December 2, 2009. (Docket No. 37). On November 2, 2012, the Court issued an opinion and order denying the motion to suppress. (Docket Nos. 47, 48).

On December 14, 2012, Defendant pled guilty to Count One of the indictment pursuant to a plea agreement with the Government. (Docket Nos. 54, 55, 86). As relevant here, Defendant agreed to waive his right to take a direct appeal of his conviction or sentence, except under limited circumstances specified in the plea agreement. (Docket No. 86 at 19-20, 25-26). Defendant also agreed to waive his right to collaterally attack his conviction or sentence. (Id. at 20, 27). Following an extensive colloquy by the Court to determine Defendant's competency and understanding of the plea agreement, the Court accepted Defendant's change of plea and entered a judgment of guilty as to Count One of the indictment. (Docket Nos. 54, 55, 86).

On July 9, 2013, the Court conducted a sentencing hearing. (Docket No. 79, 85). The Court noted that Defendant's total offense level was 35 and his criminal history category was II, which produced an advisory guideline sentencing range of 188 to 235 months' incarceration. (Docket No. 85 at 11). After considering the factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Defendant to 235 months' incarceration. (Id. at 56-64).

Consistent with the terms of the plea agreement, Defendant filed a direct appeal limited to his motion to suppress evidence. The Third Circuit Court of Appeals affirmed this Court's denial of Defendant's suppression motion for the reasons explained by the Court in its Memorandum Opinion. United States v. Kofalt, 668 F. App'x 426, 427 (3d Cir. 2016).

On February 5, 2018, Defendant filed his *pro se* § 2255 Motion. (Docket No. 131). The Court entered its standard order pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), advising Defendant that all federal constitutional claims had to be included in a single habeas corpus petition and of his right to: (1) withdraw the pending motion and file one new, all-inclusive § 2255 motion setting forth every ground which may entitle him to relief from his conviction and sentence, provided that such motion is timely; (2) amend the § 2255 motion presently on file to include any additional claims or materials he wished to raise; or (3) choose to proceed with the motion as filed. (Docket No. 133). Defendant indicated that he wished to proceed with his motion as filed. (Docket No. 135).

On April 16, 2018, the Government filed a motion to enforce the collateral rights waiver and dismiss Defendant's § 2255 Motion. (Docket No. 143). Defendant filed a brief in opposition to the Government's motion on April 27, 2018. (Docket No. 145). The official transcripts of the December 14, 2012, change of plea hearing and the July 9, 2013, sentencing hearing were filed and considered by the Court. (Docket Nos. 85, 86). This matter is now ripe for review.

### III. <u>Standard of Review</u>

A prisoner in federal custody may move to vacate his sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "A prisoner seeking relief on the grounds of ineffective assistance of counsel

bears the burden to demonstrate two requirements," United States v. Seeley, 574 F. App'x 75, 78 (3d Cir. 2014), which were initially set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). In order to prevail on a claim of ineffective assistance of counsel under Strickland, a defendant "must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and, (2) counsel's deficient performance prejudiced the defense." United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007) (citing Strickland, 466 U.S. at 688, 694); see also Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (citing Strickland, 466 U.S. at 688, 694) (same). The United States Court of Appeals for the Third Circuit has "endorsed the practical suggestion in Strickland [that the Court may] consider the prejudice prong before examining the performance of counsel prong 'because this course of action is less burdensome to defense counsel.'" United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008) (quoting United States v. Booth, 432 F.3d 542, 546 (3d Cir. 2005)); see also Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Generally, a district court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. United States v. Biberfeld, 957 F.2d 98, 102 (3d Cir. 1992). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. United States v. Costanzo, 625 F.2d 465, 470 (3d Cir. 1980); see also Lilly, 536 F.3d at 195. If a hearing is not held, the district judge must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." Gov't of Virgin Islands v. Bradshaw, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255

petition may be disposed of without further investigation by the District Court." United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000). As explained herein, the Court finds that Defendant waived his right to collaterally attack his conviction or sentence, thus no hearing is required.

## IV. Discussion

The Government seeks dismissal of Defendant's § 2255 Motion because he knowingly and voluntarily waived the right to file a motion to vacate in his plea agreement and enforcement of the waiver would not result in a miscarriage of justice. It is well-settled that "[c]riminal defendants may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of the nature and consequences of the waiver." United States v. Mabry, 536 F.3d 231, 236 (3d Cir. 2008) (citations omitted). The Third Circuit Court of Appeals repeatedly has held that a criminal defendant may effectively waive the right to file a § 2255 motion to vacate, set aside or correct sentence in a plea agreement with the government. Mabry, 536 F.3d at 241; see also United States v. Khattak, 273 F.3d 557, 561 (3d Cir. 2001) ("The ability to waive statutory rights . . . logically flows from the ability to waive constitutional rights."). Determining whether a waiver is effective is a threshold issue and, if the waiver is effective, a criminal defendant is jurisdictionally barred from pursuing habeas relief. Mabry, 536 F.3d at 242.

In determining whether a waiver is effective, the district court must examine "the (1) knowing and voluntary nature, based on what occurred and what defendant contends, and (2) whether enforcement would work a miscarriage of justice." Mabry, 536 F.3d at 237. A criminal defendant has the initial burden "of presenting an argument that would render his waiver unknowing or involuntary" but the district court has "an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no

5

miscarriage of justice, based on the record evidence before it." Id. at 237–38 (citing Khattak, 273 F.3d at 563).

### A. **Knowing and Voluntary Nature of the Waiver**

For a waiver to be knowing and voluntary, the district court "must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands . . . the terms of [the] plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Khattak, 273 F.3d at 563 (quoting Fed. R. Crim. P. 11(b)(1)(N)). Therefore, in assessing whether Defendant's collateral attack waiver was knowing and voluntary, the Court must "review[ ] the terms of the plea agreement and change-of-plea colloquy and address[ ] their sufficiency." Mabry, 536 F.3d at 238.

At the outset of the change of plea hearing, the Court established that Defendant attended college for two years, earned a nursing degree, and had no history of mental or emotional health problems or drug and alcohol abuse. (Docket No. 86 at 4–6). Defendant averred that he was not under the influence of drugs or alcohol and was not under the care of a physician, therapist, psychologist, or psychiatrist for any ailments which would have affected his ability to understand the proceedings. (Id. at 5-6). The Court observed Defendant's demeanor and responses during this colloquy and concluded that he was competent to meaningfully participate in the proceedings and enter a guilty plea. (Id. at 6).

After ensuring that Defendant was competent to plead, the Court confirmed that he had discussed the case with his counsel and he was satisfied with counsel's representation. (Docket No. 86 at 6–7). The Court then advised Defendant of the charges against him and verified that he understood the nature of those charges. (Id. at 8-9). The Court also advised Defendant of the constitutional rights and protections that he would be giving up by pleading guilty, as well as the

penalties associated with the charges against him. (Id. at 9-13, 30-32). Defendant indicated that he understood each of those rights and still wished to plead guilty. (Id. at 14, 42). Defendant also affirmed that no one threatened him or forced him to plead guilty. (Id. at 44).

Turning to the plea agreement, the Court confirmed with Defendant that he read and understood the document, discussed it with his lawyer, agreed to its terms and signed it voluntarily. (Docket No. 86 at 15-17). The Assistant United States Attorney then summarized the terms of the agreement, including that Defendant agreed to waive his appellate rights with limited exceptions and to waive his collateral attack rights. (Id. at 18-23). Defendant confirmed on the record that he understood and agreed with all of the terms of the plea agreement. (Id. at 25).

The Court then explored the appellate and collateral attack waiver provisions with Defendant in greater detail. First, the Court reviewed Defendant's waiver of appeal rights with him, and explained that he waived his right to file a direct appeal subject to the following exceptions spelled out in the plea agreement: (1) if the Government appealed his sentence; or (2) if the sentence exceeded the statutory limits or unreasonably exceeded the guideline range determined by the Court. (Docket No. 86 at 25-26). In addition, Defendant was permitted to take a conditional appeal pertaining to the following issues: (1) whether suppression of evidence was warranted for the reasons set forth in Defendant's motion to suppress filed at Docket No. 37; and (2) whether an enhancement under U.S.S.G. § 2G2.2(b)(5) was applicable to the calculation of his guideline range. (Id. at 26-27). Defendant confirmed that he understood the appellate waiver provision. (Id. at 27).

Next, the Court reviewed with Defendant the collateral attack waiver provision contained in the plea agreement:

> THE COURT: Now, further, do you understand that pursuant to the same paragraph, 9 . . . you have also waived your right to file a motion to vacate sentence

7

> under Title 28, United States Code, Section 2255 . . . attacking your conviction or sentence and the right to file any other collateral proceeding attacking your conviction or sentence. Do you understand that, sir?
>
> DEFENDANT: Yes.

(Docket No. 86 at 27). This exchange makes clear that the Court specifically explained to Defendant that he was waiving his right to collaterally attack his conviction or sentence, and Defendant understood and agreed to the same.

The Court further addressed Defendant's waivers with him as follows:

> THE COURT: Accordingly, you have limited rights to an appeal based on the discussion here on the record; but, again, I need to ask you has your attorney, Mr. Livingston, reviewed with you all of your appeal rights and what you are preserving and what you might be waiving?
>
> DEFENDANT: Yes.
>
> THE COURT: So you do understand that your appeal rights are limited with the exceptions that have been spelled out in the plea agreement and on this Court's record. You understand that.
>
> DEFENDANT: Yes.
>
> THE COURT: Okay. You should also understand, sir, that waivers of appeal are generally permissible if they're entered into knowingly and voluntarily unless they would somehow work what's called a miscarriage of justice. Now, here, as you know, I have been involved in your case for some time because of the pretrial motions that were involved, so I've examined the record such as I currently have it, I've gone over this plea agreement, I've heard both your attorney as well as the attorney for the Government explain to me what the appeal rights are and aren't, and you've acknowledged that.
> I've heard all of your responses to my questions; and, frankly, unlike a number of Defendants who appear in front of me, you're a well-educated and articulate individual, so it appears that you completely understand where we are in regard to appeal rights. So at this time I find no basis to invalidate your waivers in this case.

(Docket No. 86 at 27-28). This exchange leaves no doubt that the Court thoroughly explained the waivers to Defendant, he fully understood what he was giving up by assenting to them, and his agreement to do so was knowing and voluntary. Overall, Defendant stated multiple times during

8

the plea colloquy that he understood and agreed to all terms set forth in the plea agreement and his decision to plead guilty was voluntary. (Id. at 14, 15, 17, 25, 27, 42, 45).

The record before the Court, including the executed written plea agreement and Defendant's statements under oath at the change of plea hearing, conclusively establishes that Defendant knowingly and voluntarily agreed to waive his right to collaterally attack his conviction or sentence. The waiver's clear language appears in the plea agreement containing Defendant's signature. Both counsel and the Court thoroughly outlined the contours of Defendant's collateral attack waiver on the record. Defendant, a savvy and intelligent individual,[1] affirmatively represented on several occasions that he understood the rights he was giving up and wished to proceed with a plea of guilt. (Docket No. 86 at 14, 42, 45). Defendant's assertion in his subsequent *pro se* filing that his plea agreement, including the collateral rights waiver, is invalid because it was not knowing and voluntary, (Docket No. 145 at 1), is not credited in light of this overwhelming record. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."). Based on the foregoing, the Court finds that Defendant knowingly and voluntarily waived his right to collaterally attack his sentence under 28 U.S.C. § 2255 and that the waiver is enforceable.

**B.** **Miscarriage of Justice**

Having determined that the waiver was knowing and voluntary, the Court must next consider "whether enforcement [of the waiver] would work a miscarriage of justice" under the

---

[1] As stated, the Court observed that "unlike a number of Defendants who appear in front of me, you're a well-educated and articulate individual, so it appears that you completely understand where we are in regard to appeal rights." (Docket No. 86 at 28).

facts at hand. Mabry, 536 F.3d at 237. In so doing, the Court applies a "common sense approach" that takes into account "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Id. at 242–43 (citation omitted). Significantly, courts apply the miscarriage of justice exception "sparingly and without undue generosity, but with the aim of avoiding manifest injustice." United States v. Castro, 704 F.3d 125, 136 (3d Cir. 2013) (citations omitted).

In an attempt to satisfy the miscarriage of justice requirement, Defendant argues that: (1) enforcement of the collateral rights waiver would be unethical in view of advisory opinions issued by the National Association of Criminal Defense Lawyers and the Pennsylvania Bar Association, indicating that it is a conflict of interest for a lawyer to advise a client to accept a plea agreement that includes a waiver of ineffective assistance of counsel claims, and decisions by other courts concluding the same; and (2) trial counsel was ineffective in litigating the motion to suppress. (Docket No. 145 at 2-3). Having considered Defendant's arguments, the Court concludes that the miscarriage of justice exception does not apply in this case.

As to Defendant's first argument, this Court examined the ethical issues posed by the collateral attack waiver in plea agreements that was previously used by the U.S. Attorney's Office in United States v. Gardner, Crim. No. 09-180, 2015 WL 4714927 at *5-*7 (W.D. Pa. Aug. 7, 2015). In Gardner, the Court declined to hold that the enforcement of the collateral attack waiver would result in a miscarriage of justice because: the various ethics opinions addressing the issue were non-binding; the Third Circuit Court of Appeals had expressly declined to establish blanket, bright-line rules prohibiting the enforcement of such clauses; and many District Courts had

10

continued to enforce the provisions despite the U.S. Attorney's decision to remove them from future plea agreements. Id. Notably, the Court of Appeals subsequently denied Ms. Gardner's request for a certificate of appealability challenging this Court's ruling and that decision stands. See United States v. Gardner, App. No. 15-3147 (3d Cir. Feb. 19, 2016). Accordingly, for the reasons expressed in Gardner, 2015 WL 4714927 at *5-7, this Court once again declines to hold that the mere inclusion of the collateral attack waiver provision in the plea agreement represents a miscarriage of justice. See, e.g., United States v. Mitchell, 538 F. App'x 201, 203 (3d Cir. 2013) (acknowledging the ethical concerns raised by several state bar associations but "adher[ing] to the case-by-case evaluation" set forth in Khattak "which requires determining the validity of each appellate waiver based on its terms and the circumstances in that case.").

With respect to the second argument, Defendant contends that the error in this case is clear because "counsel was grossly ineffective in litigating his motion to suppress." (Docket No. 145 at 2). Although now styled as an ineffective assistance of counsel claim, Defendant's argument is nothing more than an attempt to re-litigate the suppression issue which previously was decided by this Court and affirmed on appeal. Defendant's restyled argument does not establish a miscarriage of justice.

The Third Circuit Court of Appeals has identified instances that may constitute a miscarriage of justice, such as if enforcing a collateral attack waiver would bar a defendant's appeal on grounds expressly preserved in the plea agreement, or if counsel was ineffective in negotiating the plea agreement that contained the waiver. Mabry, 536 F.3d at 243 (citing United States v. Shedrick, 493 F.3d 292, 303 (3d Cir. 2007); United States v. Wilson, 429 F.3d 455 (3d Cir. 2005)). Here, enforcing the waiver would not bar an appeal on grounds preserved in the plea agreement because such an appeal already has occurred as to one of the specified exceptions. As

discussed, Defendant filed a direct appeal concerning his motion to suppress evidence, and the Third Circuit Court of Appeals affirmed this Court's order denying the suppression motion. See Kofalt, 668 F. App'x at 427. None of the other limited exceptions to the appellate waiver apply because Defendant's sentence of 235 months' imprisonment was within the applicable guideline range of 188 to 235 months, beneath the statutory maximum term of 20 years, the Government did not appeal his sentence, and he did not file an appeal related to the applicability of the enhancement under U.S.S.G. § 2G2.2(b)(5).

The collateral attack waiver agreed to by Defendant was broad and contained no exceptions, stating that he agreed to "waive[ ] the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction of sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." (Plea Agrt. ¶ A.9). Defendant has not argued that counsel was ineffective in negotiating the plea agreement that contained the waiver or in representing him at the change of plea hearing.[2] Defendant otherwise "has not identified [in his motion] any nonfrivolous ground, not covered by the waiver, for a direct appeal or collateral attack."[3] Mabry, 536 F.3d at 243. Accordingly, the Court concludes that "[e]nforcing the waiver is in line with justice, not a miscarriage of it." Id. at 244.

---

[2] Defendant's claim of ineffective assistance of counsel centers exclusively on trial counsel's handling of the suppression issue. See Docket No. 131 at 5-11.

[3] Defendant's other arguments in support of § 2255 relief include the following: the Child Pornography Prevention Act of 1996 violates the First Amendment and the Fifth Amendment's Due Process and Equal Protection clauses; the government engaged in outrageous conduct and selective prosecution; and this Court misapplied enhancements under U.S.S.G. §§ 2G2.2(b)(2), (b)(4), (b)(6) and (b)(7). See Docket No. 131 at 12. Defendant never raised the constitutional issues in pretrial motions before this Court, nor did he object to application of the now challenged sentencing enhancements. See Docket No. 67. However, even if he had done so, Defendant's conditional guilty plea only preserved the right to appeal with respect to whether suppression of evidence was warranted and whether the enhancement under § 2G2.2(b)(5) applied. Under these circumstances, enforcement of the collateral rights waiver does not work a miscarriage of justice.

## V. Conclusion

For the reasons explained herein, the Court finds that Defendant knowingly and voluntarily waived his right to file a collateral attack of his conviction or sentence and that enforcement of the waiver does not work a miscarriage of justice. As a result, Defendant's § 2255 Motion is barred by the collateral attack waiver provision in his plea agreement, and the Government's motion to enforce the waiver and dismiss the § 2255 Motion will be granted. Moreover, the Court concludes that Defendant has failed to make a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability. An appropriate order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: June 8, 2018

cc/ecf: All counsel of record

Patrick Joseph Kofalt
Reg. #33029-068
FCI Elkton, Unit EA
PO Box 10
Lisbon, OH 44432
 (via U.S. mail)